IN THE MATTER OF THE APPEAL OF JAMES A. THOMPSON, CLERK OF THE SUPREME COURT OF THE TERRITORY OF HAWAII, FROM A DECISION OF THOMAS TREADWAY, AUDITOR OF THE TERRITORY.

No. 1489.

MOTION TO DISMISS APPEAL.

ARGUED APRIL 30, 1923.                    DECIDED MAY 4, 1923.

PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE BANKS IN PLACE OF PETERS, C. J., DISQUALIFIED.

APPEAL AND ERROR—*decisions reviewable—ruling of auditor refusing to certify public contract.*

> A public accountant who deems himself aggrieved by the refusal of the auditor of the Territory to indorse on a public contract his certificate that there is an available and unexpended appropriation or balance of an appropriation sufficient to cover the amount required by the contract, is authorized under section 1406, R. L. 1915, to appeal from such ruling to the justices of the supreme court.

OPINION OF THE COURT BY PERRY, J.

This is an appeal from the ruling of the auditor of the Territory. The appellant entered into a contract with the Honolulu Star-Bulletin, Limited, for the printing and binding of volume 27 of the reports of the supreme court of the Territory and, after the contract had been executed in writing by both parties thereto, submitted the same to the auditor with the request or "demand," as it is called in the appeal, that the auditor indorse thereon his certificate that there was then an available unexpended appropriation or balance of an appropriation over and above all outstanding contracts sufficient to cover the amount required by the contract. The auditor thereupon

consulted the attorney general and received from him an opinion to the effect that the contract "does not comply with chapter 100 of the Revised Laws concerning the regulation of expenditure of public money," the reasons of the attorney general being set forth in his written opinion. The auditor returned the contract without his certification to the appellant. This is the ruling or decision appealed from. The appellee moves to dismiss the appeal on the ground that the "same is not authorized by law."

The statutory provision under which appeals from the rulings of the auditor are allowed to the justices of this court is section 1406, R. L. 1915, which reads as follows: "In case of any question or difference of opinion arising between the auditor and any officer of the Territory regarding the proper appropriation to which any item or amount of expense shall be charged, or any other matter regarding the construction of this chapter or the authority vested in either of them by said chapter, and in all cases where a sum of money shall be disallowed by the auditor in consequence of the absence of a written voucher, or upon an imperfect voucher or an incorrect certificate, or if any person or public accountant feel aggrieved by any decision of the auditor, in the rejection or the surcharge of the returns or refusal to approve or allow any demand presented by such public accountant or person, any of the parties concerned may appeal from such decision to the justices of the supreme court, who after such investigation as shall by them be considered equitable, may make such order directing the relief of the appellant in whole or in part as shall appear to the said justices to be just and reasonable, and the decision of the said justices shall be final and binding upon all parties, and they shall govern themselves accordingly. If the demand of the officer, bill, claim of any person, or the return of any

public accountant be approved, in whole or in part by the said justices, they shall so indorse their findings on the same and it shall thereafter be presented to the auditor, who shall enter it in the proper book in like manner as other demands and an indorsement must be made by the auditor of its having been so entered before it can be paid."

The claim of the appellant is that the appeal is authorized by the provision that "if any person or public accountant feel aggrieved by any decision of the auditor in the * * * refusal to approve or allow any demand presented by such public accountant or person, any of the parties concerned may appeal from such decision to the justices of the supreme court" and the claim of the appellee is that the "demand" referred to in this last quoted provision is merely a demand for money and does not include a demand, such as that in the case at bar, for a certification of the contract to the effect that the expenditure called for by it is covered by an existing and unexpended appropriation.

There can be no doubt that the word "demand" is capable of the broad interpretation, contended for by appellant, importing a request not only for the payment of money but also for the performance of any other duty imposed by law upon the auditor. So also there can be no doubt that the word is susceptible of the narrower meaning of a request for the payment of money. Whether it is used in the one sense or in the other must depend in any given case upon the context and other surrounding circumstances. In order to arrive at a correct understanding of the meaning contemplated in the present instance it is necessary to consider not only the remaining language of section 1406 but also the other provisions of the statutes conferring powers and duties upon the auditor and upon other public officials with whom he

comes in contact in the performance of his duties. The whole of chapter 99 of the Revised Laws is devoted to a statement of some of these relations and duties of the auditor and other public officials. It clearly appears from that chapter, as stated by Robertson, C. J., in the case of *Cummins,* 20 Haw. 518, 524, that "by virtue of his position the auditor of the Territory is the public guardian of the expenditure of the people's money." The chapter provides *inter alia* that the auditor shall be the general accountant of the Territory; that it shall be his duty to audit and cause to be recorded every receipt and disbursement of money made to, by or through the treasury; that he shall have complete supervision of all territorial accounts; that he shall have power to withhold his approval when necessary to prevent the misappropriation of public funds as well as the disbursement of public moneys in excess of specific appropriations; that he may establish throughout all departments and bureaus of the Territory a system of public accounting; that it shall be his duty to make from time to time a thorough inspection of the accounts of all public accountants and make record of the results of such inspections; that he may require any and all public accountants to appear personally before him at any time and place and to produce to him all accounts, books and papers in the possession or control of such persons and may cause extracts to be taken from any such book, paper or record; that he may examine all accounts received by him from public accountants and compare the same with cash receipts and vouchers and may approve or disapprove such accounts in whole or in part and disallow and surcharge any such public accountant for all sums wilfully or negligently omitted to be received or collected by him which under any law or regulation it was his duty to receive or collect and may enforce all such unsatisfied surcharges against any public

accountant and may call for further accounts, vouchers, statements and explanations from public accountants as he may think necessary and may then allow or disallow or surcharge as he may find proper and may until compliance with such orders withhold any salary or other moneys that may be due or payable to any such accountant; that he shall keep in his office in a convenient form for easy reference a correct list of all territorial settlements, salaries, pay rolls, subsidies, rents, contracts and all bids for material and supplies; and that he shall keep a complete system of bookkeeping. In addition the same chapter specifically provides that the "auditor shall perform such other duties pertaining to his office as the legislature may require or direct." (Sec. 1380.) In section 1384 "all persons who, by any law, regulation or appointment are charged with the duty of collecting or receiving revenue or other moneys on account of the Territory, or with the duty of disbursing moneys on account of the public service" are defined to be "public accountants" and are required to "perform all such duties and render such accounts as this chapter prescribes and as the treasurer and auditor shall from time to time direct." In chapter 100 (Sec. 1420) it is provided that "no such contract" (referring evidently to contracts involving $1000 or more) "shall be binding or of any force unless the auditor of the Territory * * * shall indorse thereon his certificate that there is an available unexpended appropriation or balance of an appropriation over and above all outstanding contracts sufficient to cover the amount required by such contract." It was in pursuance of this last quoted provision that the appellant in the case at bar requested or "demanded" of the auditor certification of the printing contract in question.

We are of the opinion that the word "demand," in the phrase under consideration in section 1406 was used in

its broader sense and was not intended by the legislature to refer merely to demands for money. Many reciprocal duties, obligations and responsibilities as between the auditor and public accountants are contemplated and provided for in chapter 99 and in many if not in all instances there referred to the auditor is given the power to examine, supervise and control the methods of public accountants in the transaction of public business as well as to otherwise guard against unlawful expenditures of public moneys. Section 1420 was intended to provide one safeguard against improper or unauthorized disbursements. The certification thereby required is if granted a step towards the proper disbursement of public moneys. A public accountant deeming himself or the Territory entitled to it may request it or "demand" it; and on the other hand the auditor, if he is persuaded that such is his duty, may refuse it. The provisions of section 1406 were evidently intended to provide a direct, expeditious and inexpensive method of testing the correctness of the decisions of the auditor in such cases. The word "demand," as above noted, is in its ordinary sense sufficiently broad to cover a request such as that under consideration and there is no other provision in the statute, whether in the same or in some other section, which requires or justifies a limitation of the word to its narrower meaning. It is true that it is provided in the last sentence of section 1406 that if "the demand of the officer, bill, claim of any person, or the return of any public accountant be approved" by the justices "they shall so indorse their findings on the same and it shall thereafter be presented to the auditor, who shall enter it in the proper book in like manner as other demands and an indorsement must be made by the auditor of its having been so entered *before it can be paid;*" but this does not indicate that the demand must necessarily be one for money, for this very

provision contains within itself a negation of this idea. Upon its face it is equally applicable to an instance of approval by the justices of the return of a public accountant (something which does not involve or lead to a payment of money by the government) as it is to an instance of approval of a demand, bill or claim for money. Nor can any argument favorable to the contention of the appellee be derived from the provisions of section 1410 to the effect that "every lawful demand upon the treasury, duly audited  *  *  *  shall in all cases be *paid* upon the date authorized by the treasurer" or from the reference in that section to "the *payment* of such demand." There is no question but that the demands referred to in section 1410 are demands for money but that does not throw light upon the issue before this court as to the meaning in which the word "demand" was used in section 1406. It may well have been used, as we think it was, in its broader sense in section 1406 and in its narrower sense in section 1410.

The motion to dismiss the appeal is denied.

*H. R. Hewitt,* Deputy Attorney General, for the motion.

*W. F. Frear* contra.